UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ASIA BRUMFIELD THAGGARD** | **CIVIL ACTION** |
| **VERSUS** | **NO: 22-1069** |
| **CSX TRANSPORTATION, INC.** | **SECTION: "S" (5)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's **Motion for Continuance** of 90 days (Rec. Doc. 21) is **DENIED**;

**IT IS FURTHER ORDERED** that defendant's **Motion for Summary Judgment** (Rec. Doc. 15) is **CONTINUED** until **March 29, 2023**.

### BACKGROUND

Michael Brumfield was killed when he was struck by a CSX Transportation, Inc. ("CSX") train as he attempted to cross the railroad track, on foot and while carrying a bicycle, near the intersection of Old Gentilly Road and Chef Menteur Highway. The instant suit was filed by Brumfield's daughter against CSX seeking damages for wrongful death and a survival action.

CSX has moved for summary judgment arguing that it owed Brumfield no duty, that it breached no duty, and therefore that no damages can be attributed to it. Plaintiff has filed the instant motion to continue, invoking Louisiana Code of Civil Procedure 966(C)(2) and 967(C), and arguing that the summary judgment motion is premature because more discovery must be conducted before she can adequately respond. Plaintiff contends she must depose all of the defendant's witnesses who provided statements, as well as an individual named Tiffany Oates,

who will testify that the decedent did not attempt to cross under the train, and that the train was not moving at the time of the attempted crossing.

## DISCUSSION

Rule 56(d) of the Federal Rules of Civil Procedure provides:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Because Rule 56(d) is "designed to 'safeguard non-moving parties from summary judgment motions that they cannot adequately oppose,' " motions for discovery made under this rule are " 'broadly favored and should be liberally granted.' " Raby v. Livingston, 600 F.3d 552, 561 (5th Cir. 2010) (quoting Culwell v. City of Fort Worth, 468 F.3d 868, 871 (5th Cir. 2006)). "Technical, rigid scrutiny of a [Rule 56(d)] motion is inappropriate." Union City Barge Line v. Union Carbide Corp., 823 F.2d 129, 136 (5th Cir. 1984). Although Rule 56(d) states that a nonmovant must file an affidavit or declaration supporting the requested continuance, "so long as the nonmoving party indicates to the court by some equivalent statement, preferable in writing of its need for additional discovery, the nonmoving party is deemed to have invoked the rule." Int'l Shortstop, Inc. v. Rally's Inc., 939 F.2d 1257, 1266-67 (5th Cir. 1991) (quotations and citations omitted). Nevertheless, "a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited." Dominick v. Mayorkas, 52 F.4th 992, 995 n. 11

(5th Cir. 2022) (quoting Washington v. Allstate Ins. Co., 901 F.2d 1281, 1285 (5th Cir. 1990).

Plaintiff did not file an affidavit or declaration averring that, for specified reasons, she cannot present facts essential to justify her opposition. Further, plaintiff invoked Louisiana Code of Civil Procedure articles 966 and 967 rather than Federal Rule of Civil Procedure 56(d) in requesting a continuance to conduct further discovery. However, because the cited state law provision parallels the federal rule, the court deems plaintiff to have invoked Rule 56(d).

To obtain relief under Rule 56(d), the party opposing the summary judgment, "may not simply rely on vague assertions that additional discovery will produced needed, but unspecified facts." SEC v. Spence & Green Chem. Co., 612 F.2d 896, 901 (5th Cir. 1980). Instead, the Rule 56(d) motion must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.' " Raby, 600 F.3d at 561 (quoting C.B. Trucking, Inc. v. Waste Mgmt. Inc., 137 F.3d 41, 44 (1st Cir. 1998)). Further, a Rule 56(d) motion may be denied if a party had the opportunity to conduct discovery but did not diligently pursue it. Int'l Shortstop, 939 F.2d at 1267.

Plaintiff's motion indicates that he requires the testimony of defendant's witnesses to probe contestable fact issues, and the deposition of Tiffany Oates to ascertain whether the train was actually stopped at the tracks when the decedent attempted to cross. According to plaintiff, Oates (from whom no declaration has been provided), will testify that the decedent did not attempt to cross under the train, and that at the time he attempted to cross (apparently over the coupling), the train was stopped. Plaintiff also suggests that a fact issue exists as to whether the

decedent was impaired due to the use of marijuana and cocaine at the time of the accident.

Defendant's motion presents the issue of whether CSX owed any duty to the decedent, and if so, whether that duty was breached. Whether the decedent climbed under a train car or over a coupling in his attempt to cross the train is not relevant to the issue of whether CSX owed or breached a duty to prevent the harm in this case. Likewise, whether the train was moving or stationary, and whether the decedent was impaired or not, also do no affect the duty or breach analysis. Accordingly, plaintiff has not carried her burden under Rule 56(d) of demonstrating why more discovery is required to oppose the motion. Therefore, plaintiff's motion to continue the submission date for CSX's motion for summary judgment for 90 days is **DENIED**. However, the submission date of defendant's motion is **CONTINUED** to **March 29, 2023**, to allow plaintiff time to file an opposition pursuant to LR. 7.5.

New Orleans, Louisiana, this  15th  day of March, 2023.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**