UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ASIA BRUMFIELD THAGGARD** | **CIVIL ACTION** |
| **VERSUS** | **NO: 22-1069** |
| **CSX TRANSPORTATION, INC.** | **SECTION: "S" (5)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Motion for Summary Judgment** (Rec. Doc. 15) is **GRANTED**, and plaintiff's claims are hereby **DISMISSED** with prejudice.

### I. BACKGROUND

Michael Brumfield was killed when he was struck by a CSX Transportation, Inc. ("CSX") train as he attempted to cross the railroad track on foot near the intersection of Old Gentilly Road and Chef Menteur Highway. The instant suit was filed by Brumfield's daughter against CSX seeking damages for wrongful death and a survival action. CSX has moved for summary judgment seeking dismissal of plaintiff's claims.

The following facts are undisputed. As CSX train Q60108 was traveling westbound and approaching the crossing at Old Gentilly Road, the crew sounded the locomotive's horn, the locomotive's bell was activated, and the crossing's active warning signals, flashing lights and gates, were operational. At the time the lead locomotive passed through the crossing, no pedestrians were in the area. The train was over one mile long. As it passed through the crossing, Brumfield approached the crossing on his bicycle. Eyewitness Brenda Ledet, who was stopped on the opposite side of the crossing from Brumfield in her vehicle waiting for the train to pass,

saw Brumfield through the moving train approaching on his bicycle. She glanced down at her phone and heard a crunching sound. She looked up to see what appeared to be a body being dragged by the train. Brumfield had been struck by the 112th car in the train, and was dragged 1400 feet to the west. Brumfield died at the scene.

In the instant motion CSX seeks summary judgmment dismissing Thaggard's claims, arguing that it owed Brumfield no duty, that it breached no duty, and therefore that no damages can be attributed to it. Plaintiff opposes the motion.

## II. DISCUSSION

*A. Summary Judgment Standard*

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson, 477 U.S. 242 (1986).

If the moving party meets the initial burden of establishing that there is no genuine issue,

the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents properly to support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

### B. Negligence Under Louisiana Law

Under Louisiana law, to prevail on a claim for negligence, the plaintiff must prove: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element). Lemann v. Essen Lane Daiquiris, Inc., 923 So.2d 627, 633 (La. 2006) (citations omitted). A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability. Id.

### C. Analysis

Defendant argues that it is entitled to summary judgment because it owed no duty and breached no duty to the decedent or the plaintiff. According to the defendant, plaintiff's damages

were brought about solely by the actions and gross negligence of the decedent, Michael Brumfield. Plaintiff opposes, arguing that fact issues are present that preclude summary judgment. Specifically, she asserts there are issues as to whether CSX should have known of the risk to pedestrians; whether CSX owed a duty of care to Brumfield; whether such duty applied whether he was a trespasser or not; whether or not the train was moving when Brumfield approached the tracks on his bicycle; what implications may be drawn from the fact Brumfield was crushed and his bicycle was undamaged; and whether Brumfield was "sucked and/or knocked or pulled under the train as he was standing with his bicycle near the train tracks."[1]

The first three of plaintiff's contested facts all relate to the existence of a duty. CSX points to Louisiana law governing railroad crossings, which it claims relieves it of any duty to Brumfield. Under Louisiana law, motor vehicles must stop no less than fifteen feet from a crossing when, as occurred here, a signal light is visible, a crossing gate is lowered, the train emits a signal, the train is clearly visible, or a stop sign is erected at the crossing gate. LA. REV. STAT. § 32:171. Louisiana law makes bicyclists subject to traffic regulations and pedestrians subject to them when they are not at a crosswalk. Id. at §§ 194, 211. According to CSX, because Brumfield's presence on the tracks violated state law, he was a trespasser to whom the railroad owed no duty.

In so arguing, CSX points to the decision in Anderson v. Illinois Cent. R. Co., 2011 WL 1303865 (E.D. La. Apr. 4, 2011), aff'd, 475 F. App'x 30 (5th Cir. 2012), which stated:

> Longstanding jurisprudence provides that a railroad company owes no duty to one

---

[1] Plaintiff's List of Disputed Material Facts, Rec. Doc. 32, 2.

> who enters a railroad without license, invitation, or other right, except after discovering his peril, the railroad must refrain from willfully or wantonly injuring a trespasser. Doyle v. Thompson, 50 So. 2d 505, 508 (La. App. 1 Cir. 1951); see also Rice v. Kansas City Southern Ry. Co., 194 So. 444 (La. App. 1 Cir.1940). Persons having no invitation to go upon railway tracks, but who choose to place themselves thereon for their own convenience, take existing conditions as they find them, and cannot require the railroad company to protect them from dangers which are as apparent and open to their own observation as to the company. James v. Thompson, 35 So. 2d 146 (La. App. 2 Cir.1948). If a person attempts to pass between the cars of a railroad train and is injured by the sudden and unexpected movement of the train, he cannot recover, unless it is proven that those in charge of the train actually knew of his attempt to cross, or had actual notice of his placing himself in danger. Reno v. Yazoo & M.V.R. Ro., 70 So. 43 (La. 1915); Platt v. Vicksburg S. & Pacific Ry. Co., 64 So. 282 (La.1914).

Anderson, 2011 WL 1303865 at *3. Affirming the district court in Anderson, the Fifth Circuit stated: "Because the tracks themselves warn of the obvious danger of trains moving upon them, and because pedestrians have no right to be on the tracks, the engineer of a train only has a duty to those pedestrians he has actually seen on the tracks." 475 F. App'x at 32 (citing Doyle, 50 So. 2d at 508). In the present case, Brumfield was struck by the 112th car on the tracks, over a mile behind the lead locomotive, after the crew sounded the locomotive's horn, the locomotive's bell was activated, and the crossing's active warning signals, flashing lights, and gates, were operating. At the time the lead locomotive over the over one-mile train passed through the crossing, no pedestrians were in the area. There is no dispute that Brumfield entered the crossing without right to be there, and the railroad was unaware of his presence at the time of the accident. Thus, whatever duty the railroad would have otherwise owed to prevent harm to Brumfield, it was satisfied by sounding the locomotive's horn, activating the locomotive's bell, and employing the crossing's active warning signals, flashing lights, and gates.

    Plaintiff attempts in the instant motion to resist this conclusion by arguing that a fact

issue exists as to whether Brumfield's injuries arose not due to an attempt to the cross the tracks, but as a result of being sucked, knocked, or pulled under the train as he was standing with his bicycle near the tracks. Plaintiff further suggests that the fact the Brumfield's bicycle remained relatively unscathed following the incident supports this theory.

As evidentiary support for this argument, plaintiff has supplied the declaration of Tiffany Cox, who states that on the date of the accident, she spoke to Brumfield through the stopped train from the opposite side of the tracks, and he stated that he was going to bring something to his girlfriend.[2] "The next time [she] saw Mr. Brumfield, which was a short time later, he had been struc[k] by the train."[3] She acknowledged that she did not see the actual impact.[4] However, she was "surprised and puzzled" to see Brumfield's bicycle undamaged, upright on the kickstand, after the accident.[5] Because she "knew that Mr. Brumfield would not have left his bicycle, and he would take with him wherever he would go," she "reasoned that he had been sucked and/or pulled under the train."[6]

Cox's affidavit is not sufficient to defeat summary judgment. It is unclear how much time elapsed between Cox's encounter with Brumfield and the accident, but she acknowledges that she did not witness the impact. Nevertheless, she concluded Brumfield had been sucked under

---

[2] Decl. of Tiffany Cox, Rec. Doc. 32-1, at ¶¶ 8, 9.

[3] Id. at ¶ 11.

[4] Id. at ¶ 12.

[5] Id. at ¶ 13.

[6] Id. at ¶¶ 8, 9.

the train, based on her belief that he would never leave his bicycle and his bicycle was undamaged. In addition to the fact that Cox has no expertise to opine on causation, she provides no real basis for this inference, which is purely speculative. Unsubstantiated assertions or a scintilla of evidence do not meet a non-movant's burden on a summary judgment motion. Little, 37 F.3d at 1075.

Plaintiff also suggests that Cox's statement that she and a woman named Gladys had been hit by CSX trains at the same location during the preceding six years created some heightened duty toward Brumfield. In support, plaintiff cites Fleming v. Louisville & N.R. Co., 61 S.W. 58 (Tenn.1901), for the premise that while in general, a railroad is "not required to anticipate the presence of a trespasser," that does not absolve them of all duty "where the [rail]road may reasonably expect that persons may be in the way of moving trains or cars at any time." This court, sitting in diversity, applies the negligence law of the forum state, Louisiana. Erie R. Co. v. Tompkins, 304 U.S. 64 (1938). Further, this Tennessee case is actually not helpful to plaintiff. It acknowledges that a railroad owes a duty toward trespassers when the railroad reasonably expects persons to be on the tracks. In the instant case, the locomotive emitted a signal, the crossing arms were down, warning lights were activated, and the locomotive had been pulling a train for over a mile at the time and place of the collision. The railroad could not reasonably expect Brumfield to be on the tracks in this circumstance. Whatever duty CSX may have owed Brumfield, it was not breached.

Finally, as observed in the court's prior order, the question whether the train was moving or not at the moment Brumfield began to cross the tracks is irrelevant to the duty and breach

issues in this case.[7] Plaintiff's argument that this question remains in issue therefore does not create a genuine issue of *material* fact.

For all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant's **Motion for Summary Judgment** (Rec. Doc. 15) is **GRANTED**, and plaintiff's claims are hereby **DISMISSED** with prejudice.

New Orleans, Louisiana, this   14th   day of April, 2023.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

---

[7] See Order and Reasons, Rec. Doc. 30, 4.